SHERMAN ACQUISITION
II LP, Appellant,

v.

William D. GRAHAM, Appellee.

No. 10–05–00375–CV.

Court of Appeals of Texas,
Waco.

Oct. 18, 2006.

Brian E. Staley, Hull & Associates PC, Houston, for appellant.

William D. Graham, Waco, pro se.

## DISSENTING OPINION

TOM GRAY, Chief Justice.

The Court's opinion, the dissenting opinion, and the Court's judgment dated October 4, 2006 are being withdrawn today and the opinion, dissenting opinion, and judgment dated October 18, 2006 are substituted therefore.

This is one of those cases where it would simply be easier and quicker to go along. I cannot. I know my dissent will not change the result. I know this because there is no party to take this issue on to the next level by way of a petition for review. But just because doing the wrong thing under the law is easier does not make it the right thing to do. The trial court obviously faced the same issue. If no one is there to complain, it is easy to give the party before you the relief that is requested. It is usually a safe bet that if a party did not show up for the trial court case, that party will not be there for an appeal. The quick, easy, and safe thing for a trial court to do is grant the relief requested, in this case a default judgment,

and thus dispose of the case. But that does not make the disposition proper under the substantive law. I will briefly try to demonstrate herein why the more difficult route taken by the trial court was the proper legal result on the record in this case.

As in any civil appeal, after the preliminary issue of our jurisdiction, which is not an issue in this case, we must start with the issues raised by the appellants. To understand the issues, some very basic background is first required.

### BASIC BACKGROUND CONTEXT

This appeal is from a take nothing judgment after a trial on the merits before the court. The plaintiff, Sherman Acquisition, sued for collection of a credit card debt which it had acquired from Sears. It is alleged that: the debt originated from purchases by Graham from Sears on a credit card; Graham failed to pay the credit card debt; the credit card company, Sears National Bank, sold the debt to Sherman; and, Sherman sued to collect the debt.

### BASIC PROCEDURAL CONTEXT

Sherman sued Graham to collect the debt. Graham did not file an answer or make an appearance. The trial court made a docket notation on June 24, 2005 that the default judgment was denied and to set the case for trial in 60 days. On the same date, the case was noticed for trial on August 26, 2005.

On August 8, 2005, Sherman filed a motion for default judgment. There is no signed order ruling on this motion.

On August 15, 2005, Sherman's motion for judgment based on deemed admissions was filed. An amended motion was filed

on August 23, 2005. There is no signed order ruling on either of these motions.[1]

The trial on the merits was held on August 26, 2005. No jury trial having been requested, the case was tried to the court. A take nothing judgment was rendered by written judgment signed on August 26, 2005.

Sherman requested findings of fact and conclusions of law.

Findings of fact and conclusions of law were signed and filed on September 21, 2005.

Notice of Appeal was filed on October 25, 2005.

Sherman vigorously asserts this was a suit on a sworn account and that it was entitled to a default judgment. As the majority properly decides, it is not a suit on a sworn account. So let us assume the entitlement to a default judgment was based on the petition's allegations regarding liability. That leaves us with the need to prove damages. Sherman alleges it proved damages via an affidavit or alternatively, deemed admissions.

### THE APPEAL

Sherman brings two issues. The first issue is a global one. It is:

The trial court erred in ordering that the Plaintiff take nothing by way of its suit. The second issue is:

The trial court erred in not granting the Plaintiff's Default Judgment.[2]

At the trial before the court, Sherman did not object to the trial court's failure to grant a default judgment or his refusal to

rule on any motion. At the trial, Sherman did nothing other than ask the court to take judicial notice of the file and request a judgment for Sherman. The entire reporter's record is as follows:

### PROCEEDINGS
### AUGUST 26, 2005

THE COURT: Put on the record whatever it is you want to say.

MR. FISHER: Your Honor, my name is John B. Fisher, III, and I am an attorney. I practice law in Waco, Texas, and I was contacted on behalf of Hull & Associates, attorneys for the Plaintiff, Sherman Acquisition II LP, to just appear at this time, as requested, in regard to this case that is pending before this court against a man named William D. Graham, and to ask the Court to take judicial notice of the papers on file.

THE COURT: Well, I think I got notice of the papers on file.

MR. FISHER: And to request that a judgment be granted for the Plaintiff, as requested by the Plaintiff.

And I don't have any further evidence for the Court, Your Honor.

THE COURT: Okay. Based on the record before me, I am going to deny your request.

MR. FISHER: Thank you, Your Honor.

Because this was a trial before the bench, the trial court filed findings of fact. They are not attacked on appeal.

The trial court was correct in determining that Sherman take nothing because there was no evidence of the amount of Sherman's damages in the record—the file of which the trial court took judicial notice.

1. These are not proper motions in Texas civil procedure. The proper motion for what Sherman was attempting to do would be a motion for summary judgment. Even if this motion and amended motion were treated as a motion for summary judgment, it came too late to get a ruling before the trial on the merits. Thus, there was no need for the trial court to rule on this motion.

2. Sherman does not cite any authority for this entire issue. As such, it is improperly briefed and presents nothing for review.

As to the affidavit relied upon to prove damages, the trial court found the affiant's source of knowledge was not stated and, as such, even if the affidavit was properly before the court, it was not adequate for the purposes of proving Sherman's damages. I agree.[3]

The request for admissions served with the petition, and as they appear in the clerk's record, were not signed and had an incorrect deadline. As unsigned discovery, I do not find error in the trial court's determination that the request for admissions could not be deemed admitted. Without the deemed admissions, there is no proper evidence of damages. The majority finds none either.

Sherman had the burden to present evidence of its damages at the trial before the court. Sherman wholly failed to meet its burden of proof. Because there is no evidence in the record of Sherman's damages, the trial court properly rendered a take nothing judgment against Sherman. It is improper to now remand this case to the trial court to allow Sherman a second bite at the proverbial apple.

Having failed to prove its damages, the trial court's take nothing judgment should be affirmed. Because the majority remands the case to allow Sherman another opportunity to prove its damages, an opportunity it is not entitled to, I respectfully dissent.

---

**3.** The findings of fact relevant to the affidavit are as follows:

FINDING OF FACT NO. 5. Plaintiff attached to its original petition an *Affidavit* of an unidentified individual.

FINDING OF FACT NO. 6. The affidavit of the unidentified individual claimed that the unidentified individual was *Attorney in Fact for Sherman Acquisition II LP.*

FINDING OF FACT NO. 7. The affidavit of the unidentified individual did not claim that the unidentified individual was a representative of Sears in any capacity.

FINDING OF FACT NO. 8. The affidavit of the unidentified individual failed to state any facts supporting the statement that the unidentified individual had personal knowledge about the subject matter of this suit.